Biles, J.,
concurring: I agree with tire reasoning and conclusions of the majority with respect to the first two issues that Sisson raises on appeal. I disagree with the majority’s analysis of the paraphernalia instruction issue, although I concur with the result.
The United States Supreme Court has disapproved of the use of mandatory conclusive presumptions because they conflict with the presumption of innocence to which an accused is entitled and because they invade the factfinding function that the law assigns solely to the juiy in a criminal case. Carella v. California, 491 U.S. *133 263, 268, 109 S. Ct. 2419, 105 L. Ed. 2d 218, reh. denied 492 U.S. 937 (1989).
The Carella Court stated that the key issue is whether a presumption set out in a jury instruction is mandatory, “that is, whether the specific instruction, both alone and in the context of the overall charge, could have been understood by reasonable jurors to require them to find the presumed fact if the State proves certain predicate facts.” 491 U.S. at 265.
The instruction in the present case informed the jury that illegal drug paraphernalia includes scales. A conscientious jury would reasonably conclude that it must find Sisson guilty because the essential element of the crime was satisfied by proving that he had scales in his possession. I, therefore, would hold that the instruction as given was erroneous.
The analysis does not end here, however. The court must next decide whether the jury would have reached a different verdict had the instruction error not occurred. See State v. Williams, 295 Kan. 506, Syl. ¶ 5, 286 P.3d 195 (2012); see also Rose v. Clark, 478 U.S. 570, 580-81, 106 S. Ct. 3101, 92 L. Ed. 2d 460 (1986) (erroneous directory charge in jury instruction subject to harmless error analysis; predicate facts often conclusively establish intent so that rational juiy would find every fact necessary to establish eveiy element of offense beyond reasonable doubt).
Residue from the scale was tested and was confirmed to be cocaine. Sisson was carrying the scale in the same pocket in which he kept a bag of marijuana. His explanation that the scale was used for measuring cooking spices was not corroborated by any other witness or by lab results. The jury had before it compelling evidence that the object was used for illegal purposes, and it is unlikely that any further clarifying language would have resulted in a different verdict.
I would disapprove of the PIK language but conclude that the error in using it was not reversible.
Beier and Johnson, JJ., join the foregoing concurring opinion.